UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHIANNA JOHNSON** | : | **CIVIL ACTION NO. 2:18-cv-0545** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WAL-MART ASSOCIATES, INC.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand and Motion for Costs and Attorney Fees filed by plaintiff Shianna Johnson. Doc. 14. Defendant Wal-Mart Associates, Inc. ("Wal-Mart") opposes the motion, and Johnson has filed a reply. Docs. 17, 20. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I.**
**BACKGROUND**

This case arises from an employment discrimination suit filed by Johnson in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on March 2, 2018. Doc. 1, att. 4. There Johnson, a Louisiana resident, alleged that she was pregnant when hired to work as a cashier at a Wal-Mart store and repeatedly informed the defendant of her plans to take maternity leave after the baby was born and then return to work. *Id.* at pp. 1–2, ¶¶ 5–9. After her baby was born on March 6, 2017, she asserts, Wal-Mart issued a separation notice instead of processing her request for maternity leave. *Id.* at p. 2, ¶ 10. When she attempted to clarify the situation with Wal-Mart, Wal-Mart issued a separation notice with a different date which indicated that Johnson had voluntarily quit her job due to child care. *Id.* at p. 2, ¶ 11. Accordingly, Johnson maintains, she

was terminated on the basis of her pregnancy and thereby suffered employment discrimination in violation of Louisiana law. *Id.* at p. 3, ¶¶ 12–15. Johnson requests an unspecified amount of monetary damages in multiple categories, including past, present, and future lost wages and benefits; lost earning capacity; loss of enjoyment of life; inconvenience and aggravation; mental anguish and emotional damages; and loss of reputation. *Id.* at p. 3, ¶ 16. She also requests attorney fees and expenses. *Id.*

Wal-Mart filed a Notice of Removal to this court on April 20, 2018, asserting that it is a Delaware corporation with its principal place of business in Arkansas and that the case is removable under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Doc. 1, att. 1, pp. 2–3. Johnson now moves to remand, disputing that the amount in controversy requirement is met. Doc. 14. She also requests that all costs, expenses, and attorney's fees associated with removal and remand be assessed to the defendant. *Id.*

## II.
### LAW AND ANALYSIS

### A. Motion to Remand

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific monetary value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing LA. CODE

C<small>IV</small>. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that support a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Once the removing defendant has made this showing, the burden shifts to the plaintiff to show to a "legal certainty" that he will not be able to recover the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411–12.

Johnson asserts that she has not sought anywhere near $75,000 in this matter. Doc. 14, att. 1. She points out that she sent Wal-Mart a letter on February 21, 2018, offering to resolve all claims against it for $15,500. *See* doc. 14, att. 4. Wal-Mart contends that, because Johnson was earning $9.00/hour at the time of her termination, her yearly earnings were approximately $18,000. Doc. 1, att. 1, pp. 2–3. Accordingly, it stated in the Notice of Removal, the lost wages alone are "likely to be at least $36,000.00 to $54,000.00 . . . at the time of trial."[1] *Id.* As Johnson points out, however, the estimate of her annual wages is based on an assumption that she was working full-time. Doc. 14, att. 1, pp. 2–3. Her W-2 shows that she only earned $1,647.54 in wages from Wal-Mart in 2017, prior to her alleged termination in March 2017. Doc. 14, att. 3; doc. 1, att. 4, p. 2, ¶¶ 9–10. Wal-Mart admits that the W-2 reflects a salary of $274.26/week for six weeks of employment, or $14,261/year if Johnson had remained at that schedule and rate, but asserts that she might have

---

[1] Johnson makes no claim for punitive damages, and so we assume the assertion is based on plaintiff's future lost wages claim. The court expresses skepticism at this estimate, based on plaintiff's short time on the job and the entry level nature of her position.

moved to full-time status "and easily earned at least $18,000 per year." Doc. 17, p. 5 n. 6 and accompanying text.

Walmart maintains that, even assuming Johnson's annual earnings were between $14,261 and $18,000, her claim of mental anguish and other categories of damages increase the amount in controversy by an additional $57,000 to $61,000. Doc. 17, p. 5. In the notice of removal it pointed to three employment cases where the court awarded damages for mental anguish and related categories in the amount of $50,000 or more. *See Cazes v. Eustis Ins., Inc.*, 2010 WL 4928984 (E.D. La. Sep. 14, 2010) (jury verdict of $50,000 for mental anguish and related damages); *Mascarella v. CPlace Univ. SNF, LLC*, 2015 WL 6689212 (M.D. La. Jul. 21, 2015) (jury verdict of damages in the amount of $200,000 for past and future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life); *Yousuf v. UHS of De La Ronde, Inc.*, 1999 WL 301701 (E.D. La. May 10, 1999) ($150,000 in general damages relating to emotional distress, mental anxiety, and humiliation). All of those cases, however, involved significantly longer periods of employment (thirty-two months to twenty years) and protracted efforts to obtain reasonable accommodations based on a disability before the plaintiff was ultimately terminated. In this matter, Wal-Mart has admitted that Johnson only drew a paycheck there for six weeks and the basis of the employment discrimination claim centers on the company's refusal to honor her request for maternity relief, with no allegations that she was entitled to such leave. There are also no factual allegations in the complaint, and no evidence offered by either party, to support Johnson's claim that she suffered **any** loss of reputation, loss of enjoyment of life, or mental anguish and emotional damages. Additionally, as this court has noted, the amount of a settlement offer provides valuable evidence of the amount in controversy at the time of removal. *Soileau v. Louisville Ladder, Inc.*, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (citing *Fairchild v.*

*State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995)). Accordingly, Johnson's pre-suit settlement offer, communicated less than two weeks before suit was filed and less than two months before this matter was removed, provides additional support for the defendants' inability to satisfy the amount in controversy requirement.

Finally, Wal-Mart asserts that the court should include plaintiff's demand for costs and attorney fees in its estimate of the amount in controversy, and asserts that that amount could range from $25,000 to $50,000. Doc. 17, p. 7. Attorney fees may be included in the total amount in controversy if a state statute provides for them, and the Louisiana Employment Discrimination statute provides that an employer found liable under that law is liable for "**reasonable** attorney fees and costs." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); La. Rev. Stat. § 23:303(A) (emphasis added). Wal-Mart notes that a court found fifteen years ago that fees in similar cases range from $5,000 to $16,500. Doc. 17, p. 7 (citing *Miller v. Amer. Gen. Fin. Svcs.*, 2002 WL 550989, *3 (E.D. La. 2002)). It argues, without any support, that, "[t]aking inflation into account, it is reasonable to evaluate Plaintiff's potential attorney's fees award in the range of at least $25,000 to $50,000 for purposes of determining the jurisdictional threshold." *Id.* This estimate seems astronomically high, based on the straightforwardness of plaintiff's allegations, the estimates cited in the case Wal-Mart provided, and our skepticism that rates of compensation for attorneys have ballooned so much since 2002.

Given the low amount of lost wages involved here, the lack of allegations to corroborate Johnson's other claimed categories of damages, the pre-suit settlement offer, and Wal-Mart's inability to show that an award of attorney's fees would be as substantial as it forecasts, Wal-Mart fails to meet its burden of showing that the amount in controversy exceeds $75,000. Therefore the Motion to Remand should be granted.

### B. *Motion for Attorney Fees*

If the court finds that an action should be remanded, it "may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, costs and fees are not granted as a right and generally should only be awarded "where the removing party lacked an objectively reasonable basis for seeking removal."

Based on the paucity of evidence and allegations supporting Wal-Mart's assertion that the amount in controversy requirement was met in this matter, as well as its notice through Johnson's pre-suit settlement offer that the amount sought was likely to be significantly lower than what Wal-Mart alleged here, we determine that Wal-Mart lacked an objectively reasonable basis for removal. Accordingly, the Motion for Costs and Attorney Fees should also be granted.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand and Motion for Costs and Attorney Fees [doc. 14] be **GRANTED**. If this Report and Recommendation is adopted, plaintiff is directed to submit a bill of costs to the court within fourteen days of judgment and defendant is directed to submit any opposition thereto within seven days thereafter.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 16th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE